COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.
SUPERIOR COURT DEPARTMENT
Case No. 2009- 1108 -D

|   |   |
|---|---|
| Glenn H. Haese | ) |
| Plaintiff, | ) |
| v. | ) |
| Aurora Loan Services, LLC, | ) |
| Defendant. | ) |

## COMPLAINT, DEMAND FOR JURY TRIAL AND REQUEST FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTIVE RELIEF

NOW COMES the Defendant Glenn H. Haese and hereby (hereinafter "Haese") and responds to the attempt of Aurora Loans Services (hereinafter "Aurora") to foreclose on his Property in Boston Land Court.

This action arises out of the unlawful attempts by Aurora Loan Services to foreclose on that certain Property owned by Plaintiff Glenn H. Haese.

### Parties

1. Plaintiff Glenn H. Haese, presently resides at 45 Penzance Road, Defendant Rockport, Massachusetts 01966 (the "Property").

2. Defendant, Aurora Loan Services, LLC, ("Aurora"), with offices located at 2617 College Park, Scottsbluff, Nebraska 69361, and also with offices in Aurora, Colorado, and which upon information and belief is a subsidiary of or otherwise known and defined as a *Lehman*

A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

*Brothers Holdings* subsidiary, which has filed for bankruptcy protection in the U.S. Federal Bankruptcy Court.

3. Aurora pursues the instant action based on alleged assignment of interest from the bankrupt or insolvent American Brokers Conduit, which in fact is false and does not exist as a matter of law.

## Jurisdiction

4. Jurisdiction is proper in this matter as a) Defendant has sought to foreclose on that certain Property owned by Plaintiff, b) Defendant presently are and have been transacting business in the Commonwealth of Massachusetts, c) the Defendant has contracted to supply loan services within the Commonwealth of Massachusetts, d) the Defendant has caused tortuous injury by acts inside the Commonwealth of Massachusetts.

## Factual Background

5. Upon information and belief, Aurora Loan Services is a subsidiary of *Lehman Brothers Holding, Inc.*, which has filed for bankruptcy protection in the United States.

6. Aurora assumes in its complaint that it is the legal holder of a mortgage conveying real property interests in that certain property located at 45 Penzance Road, in Rockport, Massachusetts 01966, which mortgage was allegedly assigned to Aurora or Aurora was allegedly made nominee for the collection of the alleged mortgage by the insolvent or bankrupt *American Brokers Conduit ("ABC")*.

7. Aurora asserts that is entitled to foreclose on the noted mortgage pursuant to its status as nominee for American Brokers Conduit, dated September 7, 2005, and recorded in Essex

A TRUE COPY, ATTEST
[signature]
DEPUTY ASST. CLERK

County (Southern District) County Registry of Deeds, at Book 24815, Page 225, and allegedly held by Aurora by assignment.

8. In fact, Aurora holds no valid assignment of any mortgage held by American Brokers Conduit.

9. Upon information and belief, **ABC** is a Texas corporation which is also is either insolvent or in bankruptcy. Through numerous attempts, Plaintiff has attempted to contact Aurora in an effort to resolve the matter amicably.

10. Plaintiff Haese has called or written to Aurora on an infinite number of occasions only to find that there is no answer or a message was left on the voice mail of the Aurora, with no subsequent return call and no negotiations as specifically requested and set out by and set forth by Aurora in hand delivered leaflets left at the Property address on the front door of the residence.

11. Upon information and belief, Aurora either is or lawfully should be in bankruptcy or receivership as Aurora is an insolvent entity.

12. *Plaintiff Haese had the title to the Property reviewed by a third party real estate attorney who found that the title was defective and that no valid assignment of title allegedly from ABC to Aurora existed.*

13. Plaintiff Haese has never been provided with an original or copy of the original alleged promissory note allegedly executed in connection with the alleged outstanding mortgage upon which Aurora seeks to foreclose.

14. Aurora hired personnel who were incompetent to reconcile, apply and compute payments made on alleged loans or workout agreements, negotiate or renegotiate loans that were in arrears, and also utilized personnel at a call center in both Indiana and India to review facsimile information transmitted on loan values in excess of $ 1 million and more.

A TRUE COPY ATTEST
[signature]
DEPUTY ASST. CLERK

15. Aurora specifically utilized personnel on the noted loan transactions that were only required to have a high school education or GED equivalent.

16. Aurora has purposefully failed and with attempt to defraud and defame, has sought this foreclosure action as against Plaintiff Haese, which is without merit and is unlawful.

## COUNT I

### Breach of Contract and Lack of Assignment

17. During numerous times during the period of 2006 through the present date, Haese sought to have Aurora provide an accounting to Haese for all amounts paid on the alleged loan dated September 7, 2005.

18. Haese provided Defendant Aurora on numerous occasions with information or copies of actual transfer slips or cancelled checks indicating that payments had in fact been made on the alleged mortgage and/or indebtedness.

19. Aurora failed and refused to credit properly amounts as against the alleged mortgage and/or indebtedness.

20. Aurora, in the event of a valid assignment from the bankrupt **ABC** entity, had a duty per contract to accurately credit any and all payments due on any alleged indebtedness.

21. In the event that Aurora retained a valid assignment from **ABC**, Aurora would have had certain contractual responsibilities to the Plaintiff Haese.

22. Based upon the contract and the implied and express warranties which would thereby been created, together with implied covenants of good faith and fair dealing, Aurora breached the alleged contract in effect by, *inter-alia*, failing to properly credit payments, failing to provide for proper credit reporting as to the status of the loan as such appeared on the personal credit report

A TRUE COPY, ATTEST
_____
DEPUTY ASST. CLERK

of Haese, failing to properly arrange for and honor agreements made with Haese with respect to the Property, making inaccurate representations upon which Haese relied with respect to certain loan and mortgage modification programs that were available, representing to Haese that the loan payments were under investigation while at the same time directing its counsel to foreclose on the Property, attempting to foreclose on the Property without a valid assignment and while insolvent (Aurora) itself, falsely reporting to the public that the Property was either in foreclosure or had already been foreclosed on, authorizing agents of Aurora to enter upon the Property and issue notices to Haese to leave the property immediately, falsely advising Haese to contact the Real Estate Owned Department of Aurora had reported that had supposedly already transferred to Aurora by virtue of foreclosure.

23. Aurora has breached their implied and express obligations pursuant to the alleged assigned contract and/or other obligation for the collection of any indebtedness or any right to foreclose upon the Property.

24. Aurora has no valid legal authority to foreclose on the Property.

25. As a result thereof, Haese has sustained substantial damages, including but not limited to, damages to his personal and professional reputation and credit, losses and damages resulting from the effects of the wrongful foreclosure attempts, including a diminution of the fair market value of the Property and amounts that might be achieved as to sales price, but for the wrongful foreclosure attempts, losses and damages experienced as a result of the expenditure of attorney's fees associated herewith, and damage and losses sustained as a result of the false negotiations undertaken by Aurora when in fact Aurora had no actual intent to negotiate as to either the validity of the existence of the mortgage or payments either made thereon or to be

A TRUE COPY, ATTEST
_____
DEPUTY ASST. CLERK

made thereon, per the conditions of a mortgage modification plan represented to be available to alleged borrowers.

WHEREFORE, the Plaintiff Haese claims as against Defendant Aurora:

1. Money damages in the amount of the lost value of the residence in an amount of not less than $ 850,000.
2. Interest;
3. Consequential Damages;
4. Penalties, in the form of treble damages in the amount of $ 2,550,000;
5. Attorneys' fees and costs resulting from the attempted foreclosure and bad faith negotiations of Aurora during the pendency of the alleged loan; and
6. Such other relief in equity or at law as the Court deems appropriate.

## COUNT II

### Breach of Contract - Credit Reporting

26. The Plaintiff Haese reasserts and re-alleges the allegations contained in Paragraphs 1 through 25 of the above Complaint as if expressly restated herein.

27. Pursuant to both the alleged mortgage and/or indebtedness allegedly assigned from **ABC** to Defendant Aurora, Defendant Aurora had an obligation to accurately report the status of payments with respect to the obligation on the alleged indebtedness.

28. In addition, through various other documents executed by and between Aurora and Haese, Defendant was required to "report the loan subject to this agreement as delinquent if the loan is not paid current under the loan documents, even if the customer makes timely payments to lender under this agreement. However, lender may disclose that the customer is in a repayment or workout plan. This agreement does not constitute an agreement by lender to make any reporting of the delinquency status of the loan payment."

29. On or about March 13, 2009, Defendant Aurora reported to Haese that the loan had in fact been foreclosed and that Haese no longer owned the property.

30. Haese was advised to contact one Cory Nove at Aurora in the Real Estate Owned Department, to attempt to regain title to his property, wrongfully attempted to be seized by Defendant Aurora.

31. Defendant Aurora had information left at the residence of Haese indicating that it was necessary for him to move out immediately as Aurora was now in title to the Property. The notification was left by real estate agents retained on behalf of Aurora.

32. To date, the attempts to contact Aurora to discuss this matter have gone unanswered.

33. As a result of the actions or Aurora, Haese has sustained substantial damages, including but not limited to, damages to his personal and professional reputation and credit, losses and damages resulting from the effects of the wrongful foreclosure attempts, including a diminution of the fair market value of the Property and amounts that might be achieved as to sales price, but for the wrongful foreclosure attempts, losses and damages experienced as a result of the expenditure of attorney's fees associated herewith, and damage and losses sustained as a result of the false negotiations undertaken by Aurora when in fact Aurora had no actual intent to negotiate as to either the validity of the existence of the mortgage or payments either made thereon or to be made thereon, per the conditions of a mortgage modification plan represented to be available to alleged borrowers.

WHEREFORE, the Counterclaimant Haese claims as against Defendant Aurora:

1. Money damages in the amount of the lost value of the residence in an amount of not less than $ 850,000.
2. Interest;
3. Consequential Damages;
4. Penalties, in the form of treble damages in the amount of $ 2,550,000;
5. Attorneys' fees and costs resulting from the attempted foreclosure and bad faith negotiations of Aurora during the pendency of the alleged loan; and
6. Such other relief in equity or at law as the Court deems appropriate.

A TRUE COPY ATTEST
*[signature]*
DEPUTY ASST. CLERK

## Count III

## Breach of the Covenant of Good Faith and Fair Dealing

34. The Plaintiff reasserts and re-alleges the allegations contained in Paragraphs 1 through 33 of the above Counterclaim as if expressly restated herein.

35. If taken as alleged by Aurora, the parties would have entered into a contract for the payment of some amount of indebtedness, provided that Aurora was solvent, not in bankruptcy and had in fact obtained a valid assignment from the ABC entity.

36. If any such contract exists between Haese and Aurora, the provisions of any such contract would be governed by the laws of the State of Massachusetts.

37. The covenant of good faith and fair dealing is incorporated into and made a part of all contracts made under the laws of the State of Massachusetts.

38. Aurora was motivated by greed and selfishness, and intentionally made the various misrepresentations to Haese as set forth directly above.

39. At all times relevant hereto, Defendant Aurora knew or should have known that Haese would rely on their representations as alleged directly above as made to Haese.

40. at all times relevant hereto, Haese relied on the representations of Aurora, and paid them tens of thousands of dollars that were not properly or timely credited to the alleged loan and sent out misleading statements which did not reflect the timing and amount of payments actually made; among other misrepresentations as to the status of the loan and any available loan modifications.

41. Aurora received the wrongfully acquired payments, sought under duress and threat, and has expended the proceeds in an effort to keep its bankrupt and insolvent Aurora entity in business to continue wits illicit activities.

A TRUE COPY
DEPUTY ASST. CLERK

WHEREFORE, the Haese claims as against Defendant Aurora:

1. Money damages in the amount of the lost value of the residence in an amount of not less than $ 850,000.
2. Interest;
3. Consequential Damages;
4. Penalties, in the form of treble damages in the amount of $ 2,550,000;
5. Attorneys' fees and costs resulting from the attempted foreclosure and bad faith negotiations of Aurora during the pendency of the alleged loan; and
6. Such other relief in equity or at law as the Court deems appropriate.

## Count IV

### Negligence as to Aurora

42. The foregoing paragraphs of this Complaint are hereby incorporated by reference.

43 Defendant Aurora owed a duty to Haese to 1) timely and accurately process payments made as against the alleged indebtedness of Haese to **ABC** and/or Aurora 2) properly report to Haese the status of the property and his credit to third parties and not make representations that the title to the property had already transferred, 3) to not unlawfully and carelessly appoint third parties to leave notices on the Property indicating that the Property had been foreclosed and that Haese was to quit the premises immediately while at the time trespassing on the Property of Haese, 4) to negotiate fairly and in good faith with Counterclaimant Haese based on changes in the laws of the U.S and the Commonwealth of Massachusetts regarding the reduction of principal balances or payment amounts based on recently passed legislation; 5) to negotiate in good faith with Haese, instead of claiming that negotiations were underway when in fact a foreclosure had been authorized on the Property irrespective of very substantial payments being made by Haese in furtherance of payment on alleged outstanding balances; 6) failing to timely notify Haese of the alleged foreclosure of the Property on or about March 13,

2009 – which was ineffective; and 7) to be truthful with Counterclaimant Haese as to the fact that Aurora was or is a solvent entity.

44. Haese justifiably relied upon the negligent actions and representations made by Defendant Aurora.

45. Aurora breached the duty of due care owed by Defendant Aurora with respect, inter-alia, the above noted duties and 1) its wrongful failure to accurately report payments as having been not been made when, in fact, they had; 2) public notifying potential buyers that the Property was either in foreclosure or was already foreclosed upon with Aurora holding title; 3) unlawfully and carelessly appointing third parties to leave notices on the Property indicating that the Property had been foreclosed and that Haese was to quit the premises immediately while at the time trespassing on the Property of Haese, 4) failing to negotiate fairly and in good faith with Counterclaimant Haese based on changes in the laws of the U.S. and the Commonwealth of Massachusetts regarding the reduction of principal balances or payment amounts based on recently passed legislation; 5) failing to negotiate in good faith with Haese, instead of claiming that negotiations were underway when in fact a foreclosure had been authorized on the Property irrespective of very substantial payments being made by Haese in furtherance of payment on alleged outstanding balances; 6) failing to timely notify Haese of the alleged foreclosure of the Property on or about March 13, 2009 – which was not successful.

46. As a result of the actions or Aurora, Haese has sustained substantial damages, including but not limited to, damages to his personal and professional reputation and credit, losses and damages resulting from the effects of the wrongful foreclosure attempts, including a diminution of the fair market value of the Property and amounts that might be achieved as to

sales price, but for the wrongful foreclosure attempts, losses and damages experienced as a result of the expenditure of attorney's fees associated herewith, and damage and losses sustained as a result of the false negotiations undertaken by Aurora when in fact Aurora had no actual intent to negotiate as to either the validity of the existence of the mortgage or payments either made thereon or to be made thereon, per the conditions of a mortgage modification plan represented to be available to alleged borrowers.

WHEREFORE, the Counterclaimant Haese, claims as against Counter-defendant Aurora:

1. Money damages in the amount of the lost value of the residence in an amount of not less than $ 850,000.
2. Interest;
3. Consequential Damages;
4. Penalties, in the form of treble damages in the amount of $ 2,550,000;
5. Attorneys' fees and costs resulting from the attempted foreclosure and bad faith negotiations of Aurora during the pendency of the alleged loan; and
6. Such other relief in equity or at law as the Court deems appropriate.

### Count V

### Violation of Massachusetts General Laws Section 93 (a) as to Defendant Kay

47. The foregoing paragraphs of this Complaint are incorporated herein by reference.

48. At all times relevant hereto, Aurora was engaged in the conduct of trade and commerce in the Commonwealth of Massachusetts.

49. The behavior of Aurora as set forth herein rises to the level of unfair and deceptive trade practices and constitutes a violation of M.G.L. c. 93 A, Section 2 and 11.

50. As a result, Haese suffered harm and damages for which Aurora is liable.

WHEREFORE, the Plaintiff Haese claims as against Defendant Aurora:

1. Money damages in the amount of the lost value of the residence in an amount of not less than $ 850,000.
2. Interest;
3. Consequential Damages;
4. Penalties, in the form of treble damages in the amount of $ 2,550,000;
5. Attorneys' fees and costs resulting from the attempted foreclosure and bad faith negotiations of Aurora during the pendency of the alleged loan; and
6. Such other relief in equity or at law as the Court deems appropriate.

### Count VI

### Conversion

51. The foregoing paragraphs of this Complaint are hereby incorporated by reference.

52. As alleged by Aurora, the parties would have entered into a contract for the payment of some amount of indebtedness, provided that Aurora was solvent, not in bankruptcy and had in fact obtained a valid assignment from the ABC entity.

53. From time to time, Aurora would threaten foreclosure on the Property in order to coerce unreasonable and unconscionable payments from Haese in return for certain promises made with respect to loan modifications to be entered into.

54. The amounts demanded bore no reasonable relation to any payment to be made on or as against any alleged indebtedness on the Property or as to actually be available from the income of Haese.

55. Aurora was motivated by greed and selfishness, and intentionally made the various misrepresentations to Haese as set forth directly above.

56. At all times relevant hereto, Defendant Aurora knew or should have known that Haese would rely on their representations as alleged directly above as made to Haese.

57. At all times relevant hereto, Haese relied on the representations of Aurora, and paid them tens of thousands of dollars that were not properly or timely credited to the alleged loan and sent out misleading statements which did not reflect the timing and amount of payments actually made; among other misrepresentations as to the status of the loan and any available loan modifications.

58. Aurora received the wrongfully acquired payments, sought under duress and threat, and has expended the proceeds in an effort to keep its bankrupt and insolvent Aurora entity in business to continue wits illicit activities.

WHEREFORE, the Plaintiff Haese claims as against Defendant Aurora:

1. Money damages in the amount of the lost value of the residence in an amount of not less than $ 850,000.
2. Interest;
3. Consequential Damages;
4. Penalties, in the form of treble damages in the amount of $ 2,550,000;
5. Attorneys' fees and costs resulting from the attempted foreclosure and bad faith negotiations of Aurora during the pendency of the alleged loan; and
6. Such other relief in equity or at law as the Court deems appropriate.

## Count VII

### Accounting and Production of Original Alleged Note

59. The foregoing paragraphs of this Complaint are hereby incorporated by reference.

60. In the event that Aurora seeks to foreclose on the alleged mortgage and loan made by ABC, Aurora should be required to produce the original of any promissory note alleged forming the basis for any alleged mortgage indebtedness.

61. Aurora has failed to date to provide Haese with a true and accurate accounting of any alleged indebtedness on the noted Property, including a detailed accounting for any amounts allegedly due and owing.

62. Aurora has converted over funds obtained through duress and coercion as well as misrepresentation, of which a total accounting should be made to Haese.

WHEREFORE, the Counterclaimant Haese respectfully requests that this Honorable Court Order the production of the original promissory note which allegedly forms the basis of the alleged mortgage as held by ABC and to further provide to Haese a full and complete accounting of any and all payments made with respect to the noted and alleged loan.

### Count VIII

### Quiet Title in the Name of Glenn H. Haese

63. The foregoing paragraphs of this Complaint are hereby incorporated by reference

64. Aurora has no legitimate interest in the Property which is the subject of the present foreclosure proceeding.

65. Upon information and belief, Aurora is a bankrupt entity that is owned by the bankrupt Lehman entity.

66. Upon information and belief, ABC is a bankrupt entity and carries no right title or interest in the noted Property.

67. Haese is entitled to the quiet use and enjoyment of the subject Property unaffected by illegally asserted rights and other interests allegedly in place with respect to the title to the Property.

### Count IX

### Claim for Injunctive Relief

68. The foregoing paragraphs of this Complaint are hereby incorporated by reference

69. The Plaintiff respectfully notes that irreparable harm and injury will come about as a result of the transfer of title from Plaintiff Haese to Defendant Aurora, as real Property in

unique and monetary damages are not sufficient to compensate the Plaintiff for the loss of his home.

70. Plaintiff specifically avers that Aurora is attempting said transfer of title in Land Court in Boston in action 06 MISC 322265.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enjoin any further action by Aurora or action in Land Court in Boston, which would seek to change in any way title to the Property pending resolution of these issues at trial before a jury.

WHEREFORE, Counterclaimant Haese respectfully requests that this Honorable Court Order:

1. that title is vested in the Property to Glenn H. Haese, and that Aurora presently has and shall take no interest in title to the Property in the future without the express written agreement of Glenn H. Haese;

2. the production of the original promissory note which allegedly forms the basis of the alleged mortgage as held by ABC and to further provide to Haese a full and complete accounting of any and all payments made with respect to the noted and alleged loan.

3. Money damages in the amount of the lost value of the residence in an amount of not less than $ 850,000.

4. Interest;

5. Consequential Damages;

6. Penalties, in the form of treble damages in the amount of $ 2,550,000;

7. Attorneys' fees and costs resulting from the attempted foreclosure and bad faith negotiations of Aurora during the pendency of the alleged loan;

8. As to Count IX, issue a TEMPORARY RESTRAINING ORDER enjoining the Defendant Aurora, its agents, employees, representatives, attorneys and any other person acting on its behalf, from taking any measure whatsoever to attempt to transfer title from Plaintiff Haese to any other party; until a jury trial on the counts and issues herein be had;

*[signature]*

9. As to Count IX, issue a PRELIMINARY INJUNCTION enjoining Defendant Aurora enjoining the Defendant Aurora, its agents, employees, representatives, attorneys and any other person acting on its behalf, from taking any measure whatsoever to attempt to transfer title from Plaintiff Haese to any other party; until a jury trial on the counts and issues herein be had; and

10. Such other relief in equity or at law as the Court deems appropriate.

## DEMAND FOR TRIAL

The Counterclaimant hereby demands a trial on all issues by the Court.

Dated: June 15, 2009               Respectfully Submitted,
                                   Glenn H. Haese, Pro Se


                                   _____
                                   Glenn H. Haese, Esq. (No.662939)
                                   Haese, LLC
                                   85 Devonshire Street
                                   6th Floor
                                   Boston, MA 02109
                                   Phone: (617) 428-0266

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY: __ESSEX__ | DOCKET NO. _____ |
|---|---|---|

| TYPE PLAINTIFF(S)<br>NAME   Glenn H. Haese | TYPE DEFENDANT(S)<br>NAME Aurora Loan Services, LLC |
|---|---|

Type Plaintiff's Attorney name, Address, City/State/Zip   Type Defendant's Attorney Name, Address, City/State/Zip
Phone Number and BBO#                                     Phone Number (If Known)

| Glenn H. Haese    662939<br>85 Devonshire Street<br>6 th Floor<br>Boston, MA 02109   617-428-0266 | Reneau Longoria, Esq.<br>Doonan, Graves & Longoria<br>100 Cummings Center Suite 225 D<br>Beverly, MA 01915   978-921-2670 |
|---|---|

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Contract | F | [X] Yes  [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
    1. Total hospital expenses                      $_____
    2. Total doctor expenses                        $_____
    3. Total chiropractic expenses                  $_____
    4. Total physical therapy expenses              $_____
    5. Total other expenses (describe)              $_____
                                         Subtotal   $_____
B.  Documented lost wages and compensation to date  $_____
C.  Documented property damages to date             $_____
D.  Reasonably anticipated future medical expenses  $_____
E.  Reasonably anticipated lost wages and compensation to date  $_____
F.  Other documented items of damages (describe)    $_____
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

    Conversion and Misrepresentation

    Total Damages Tort and Contract $ 2,550,000.00              Total $ $ 1,700,750

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

    Breach of Contract, Breach of Covenant of Fair Dealing

                                                            TOTAL   $850,000

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: 6/15/09

2

COMMONWEALTH OF MASSACHUSETTS

DEPARTMENT
ESSEX, ss.

SUPERIOR COURT

Case No. 2009-1108

Glenn H. Haese

Plaintiff,

v.

Aurora Loan Services, LLC,

Defendant.

*[Handwritten notes: Tuckey, J. 6/16/09. After Clerk spoke to counsel, plaintiff not seeking ex parte relief but rather short order of notice ret. on 6/18/09 @ 2:00pm in Lawrence Superior Court "D" session. Attest [signature] Asst Clerk]*

### EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

Pursuant to Mass. R. Civ. P. 65, the Plaintiff, Glenn H. Haese ("Haese") respectfully requests that this Court enter a temporary restraining order or preliminary injunction enjoining Defendant, Aurora Loan Services ("Aurora") and its agents, employees, representatives, attorneys and any other person acting or purporting to act on her behalf:

   a) from taking any action whatsoever, either in law or in equity, in an attempt to transfer or convey title to that certain real property known as 45 Penzance Road, Rockport, Massachusetts 01966 or in Land Court in Boston, in Case no. 322265, until such time s a jury trial on the issues counts and issues noted ~~can be had.~~

In support of this Motion, Haese refers the Court to its Verified Complaint filed herewith, together with its Request for Temporary Restraining Order or Preliminary Injunction being filed herewith.

*[Stamp: A TRUE COPY, ATTEST [signature] DEPUTY ASST. CLERK]*

1

                                Glenn H. Haese
                                Pro Se,

                                _____
                                Glenn H. Haese (BBO #662939)
                                Haese LLC
                                85 Devonshire Street, 6th Floor
                                Boston, MA 02109
                                (617) 428-0266

Dated: June 15, 2009

A TRUE COPY ATTEST
*[signature]*
DEPUTY ASST CLERK